G. David Robertson, Esq., (SBN 1000)
Richard D. Williamson, Esq., (SBN 9932)
ROBERTSON & BENEVENTO
50 West Liberty Street, Suite 600
Reno, Nevada 89501
(775) 329-5600
(775) 348-8300
gdavid@nvlawyers.com
rich@nvlawyers.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

LYDIA LEE, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

ENTERPRISE LEASING COMPANY-WEST, An Idaho Limited Liability Company,

    Defendant.

Case No.:

**CLASS ACTION COMPLAINT [VIOLATIONS OF N.R.S. § 482.31575 AND COMMON LAW CLAIM FOR UNJUST ENRICHMENT]**

*and*

**JURY DEMAND**

Plaintiff Lydia Lee, on behalf of herself and all others similarly situated, alleges upon personal knowledge as to herself and her acts, and, as to all other matters upon information and belief, based upon, inter alia, the investigations made by her attorneys, as follows:

## I.

## NATURE OF THE ACTION

1. This is a class action on behalf of persons who have rented cars from Defendant Enterprise Leasing Company-West ("Enterprise") at airports in Nevada and to whom Defendant quoted and charged airport concession recovery fees that were prohibited by N.R.S. Section 482.31575. Plaintiffs seek damages and restitution pursuant to N.R.S. Section 482.31575 and Nevada common law, arising from Defendant's unlawful practices.

## II.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to diversity of citizenship, 28 U.S.C. Section 1332(d)(2). Plaintiff is a citizen of Oklahoma, Defendant is a citizen of the States of Idaho and Missouri, and the amount in controversy exceeds $5 million.

3. Defendant regularly conducts business in this District, and the acts and transactions at issue occurred in this District. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(a).

## III.

## THE PARTIES

4. Plaintiff Lydia Lee is a natural person and resident of the State of Oklahoma. She rented a car at the Las Vegas airport through Defendant Enterprise during the Class Period defined below, and was quoted and charged a separate airport concession recovery fee, denominated "AP/Access 10.000%" on her receipt, in violation of Nevada law.

5. Defendant Enterprise is an Idaho limited liability company with its principal place of business at 600 Corporate Park Drive, St. Louis, Missouri 63105-4204.

6. Defendant Enterprise is the successor to Enterprise Leasing Company – West, a Nevada corporation and is responsible for the acts and liabilities of that predecessor.

7. Defendant Enterprise regularly does business in Nevada.

## IV.

## FACTUAL ALLEGATIONS

8. The short-term rental car business is a highly competitive industry with domestic revenues in excess of ten billion dollars annually.

9. Approximately 80% of industry revenues come from car rentals at airport locations.

10. Defendant rents vehicles, directly and/or indirectly, at numerous airport locations, including the Reno-Tahoe International Airport and Las Vegas McCarran International Airport.

### A.    The Nature of Airport Concession Fees and Concession Recovery Fees

11. In return for the right to operate at lucrative airport locations, rental car companies are required to pay fees to the airports, which are commonly referred to as concession fees. Rental car companies whose branches are not located at the airport generally do not pay such fees, though they may be required to pay "access fees" to airports to the extent they pick up customers at the airport. At the Reno-Tahoe and McCarran airports, Enterprise is required to pay 10% of its gross revenues to the airports as concession fees.

12. At most airport locations across the Country, Defendant passes through airport concession fees to its customers as surcharges. Defendant has "unbundled" these surcharges from its base rental rates in an attempt to compete more effectively and maximize its profits. Defendant thus quotes and charges a base rental rate and, in addition, a separate airport concession recovery fee. When Defendant imposes such surcharges on its customers, it is merely a means to bill separately for a part of its overhead, a practice that tends to mislead most customers about the true rental rate.

13. Defendant adopted such surcharges in order to be able to advertise and quote lower rates. Defendant structures its charges in this fashion in order to maximize its revenues and profits. By advertising lower base rates and leading car renters to believe that the "airport concession recovery fee" is a charge imposed by the airport, rather than by it, Enterprise is able to charge a materially higher total rate than it could otherwise charge.

14. In fact, however, *concession fees* are imposed on the rental car firms by the airport authorities; *concession recovery fees* are distinct charges that were created by the rental car firms and which those firms impose on renters in order to maximize their revenues while maintaining artificially low base rates.

### B.    The NAAG Task Force Report

15. In 1988, the National Association of Attorneys General ("NAAG") formed a task force (the "NAAG Task Force") to study car rental advertising and related practices. The NAAG Task Force was formed in response to an announcement by The Hertz Corporation in late 1987 that it intended to introduce a new advertising campaign that would promote seemingly "lower"

airport rental fees by subtracting the seven to twelve percent charged by airports as concession fees from the advertised rate. Hertz acknowledged, however, that it would then add this amount back into the contract price as a surcharge (i.e., the "concession recovery fee") When several states threatened litigation, Hertz abandoned its advertising campaign; but a number of state attorneys general formed an ad hoc group to look more broadly into rental car advertising and charges. That group led to the formation of the NAAG Task Force in March 1988.

16. In June 1988, the NAAG Task Force issued a preliminary report which concluded that "the most critical problem with the car rental industry was that, in an effort to compete, they had through various deceptive, false, misleading and unfair advertising and business practices created lead prices that were substantially less than the actual prices consumers pay for rental vehicles." In part, the rental companies did this by subtracting certain items such as "airport fees" from the advertised price, but then adding the charges back on as separate mandatory surcharges. The Task Force drew three broad conclusions in its preliminary report, including that "mandatory charges must be included in the price advertised as the base rental rate . . . ." Comments were then solicited and hearings held, as well as private meetings with industry personnel, prior to adoption of the final Report and Guidelines in March 1989.

17. The Task Force Guidelines were ultimately approved by NAAG in or about early 1999. Those Guidelines were drafted and adopted to, inter alia, "eliminate the unbundling of mandatory charges from advertised car rental rates." Guideline 2.5 addresses Mandatory Additional Charges and states as follows: "Any surcharge or fee that consumers must generally pay at any location in order to obtain or operate a rental vehicle must be included in the total advertised price of the rental." The Report states, in pertinent part, as follows:

> As stated in the Preliminary Report, the Task Force is extremely concerned about the growing practice of "unbundling" or subtracting certain mandatory charges from the advertised price for the purpose of making the cost of the rental appear less than it actually is. Recently, a rental company with offices on-site at airports announced that it would reduce the base price in its advertisements but would add a mandatory charge, equivalent to the amount it paid to the airport for its on-site location (i.e., its concession fee), to the price charged to consumers. After meeting with several attorneys' general offices, the company abandoned its plan.

Task Force Report at p. 11 (Comment to Guideline 2.5).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY

4

18. In short, the Task Force unambiguously concluded that unbundling mandatory charges, such as concession recovery fees, from the base rate was improper.

### C. Airport "Access Fees"

19. The Task Force Report noted that there was a growing trend by airports to impose "access fees" on off-airport rental car companies that picked customers up at the airport. The Report noted that such airport *access fees* charged to customers of off-airport rental companies might warrant different treatment from concession recovery fees, commenting as follows: "When airports charging an access fee to off-airport auto rental companies only assess that fee if the consumer utilizes the auto rental company's van, it can be argued that this is an optional fee and not a mandatory fee." *Id.* In other words, because some of the customers of off-airport rental car companies are local residents or others who are not obligated to pay any airport related fees or charges, it was unfair and potentially misleading to require those off-airport firms to bundle such airport fees into their base rates.

20. In early 1989, Clark County adopted Ordinance 1131, which imposed such an access fee directly on car renters (as distinct from the concession fee that the airport imposed on the rental firms) who arrived at the airport and were picked up by off-airport car rental firms. The Ordinance stated in pertinent part as follows:

> Effective April 1, 1989, ground transportation companies and hotels or motels providing or operating courtesy vehicles on any airport property *and not otherwise governed by [a] concession or lease agreement* . . . [i.e., companies that were not on the airport] shall pay the following rates, charges and fees at the Airport:
>
> . . . .
> (e) Rental car ground transportation companies or operators *shall collect and pay an Airport access fee* of three dollars ($3.00) for each contract written for vehicle rentals to customers picked up at the Airport and transported from Airport Property.

Ordinance 1131 at pp. 2-3 (March 7, 1989) (emphasis added).

### D. The Adoption of N.R.S. § 482.31575

21. At or about the time of the NAAG Task Force Report, a number of states enacted statutes regulating rental car advertising and charges, including imposing the requirement that all mandatory charges be bundled into the periodic rate.

1   22. In 1989, the Nevada Legislature enacted such a statute -- Assembly Bill 612,
2   codified at Section 482.31575 of the Nevada Revised Statutes. It provided in pertinent part as
3   follows:

> A short-term lessor shall advertise, quote and charge a rate for leasing a passenger car that includes the entire amount except the taxes, any fees paid to airports and any charges for mileage, that a short-term lessee must pay to lease the car for the period to which the rate applies.

7   23. As originally proposed, AB 612 would have required all rental car charges except
8   for taxes and mileage charges (which are inherently variable) to be bundled into the base rate.
9   The original version of Section 15 provided, in pertinent part, as follows:

> A short-term lessor shall advertise, quote and charge a rate for leasing a passenger car that includes the entire amount except the taxes and a mileage charge, if any, that a short-term lessee must pay to lease the car for the period to which the rate applies.

13  24. The legislative history of N.R.S. Section 482.31575 makes clear that the addition
14  of the exception for "any fees paid to airports" was only intended to permit off-airport firms to
15  separately charge renters the $3 "access fee" that the Clark County Airport Authority had
16  recently imposed by ordinance on such renters. That exception to the bundling requirement was
17  not intended to allow rental firms to impose their own surcharges on renters, even if those
18  surcharges were related to airport fees. Indeed, at the time the statute was adopted, and for six
19  years thereafter, none of the on-airport rental car firms charged "concession recovery fees" to
20  persons who rented cars at airports in Nevada.

21  25. Notably, the Clark County Ordinance required the off-airport rental companies to
22  collect the access fees, when applicable, from their customers. By contrast, until 1996, the
23  Concession Agreement between McCarran and on-airport rental car companies expressly
24  precluded those companies from passing through an unbundled surcharge to recoup the
25  concession fees they were required to pay to the airport. That Agreement stated in pertinent part
26  as follows: "Concessionaire will not be allowed to list concession fees payable to County as a
27  separate item on its customer's rental contracts or invoices." 1994 Operating Agreement at §

Robertson & Benevento
50 W. Liberty Street
Suite 600
Reno, Nevada 89501

CLASS ACTION COMPLAINT AND DEMAND FOR JURY

6

1.6.1.5. That provision remained in effect until late 1995, when the rental car firms successfully lobbied the Airport Authority to drop that provision of the Concession Agreement.

26. Certain amendments to N.R.S. Section 482.31575 became effective on October 1, 2009. Accordingly, the Class Period ends on September 30, 2009.

### E. Enterprise's Unbundling of Its Concession Recovery Fees

27. In late 1995, McCarran and Reno-Tahoe airport authorities agreed to waive the clause in their concession agreements that precluded on-airport companies from surcharging consumers with such a fee.

28. Beginning prior to the class period, Enterprise began charging an unbundled concession recovery fee in connection with rentals at its McCarran and Reno-Tahoe airport locations. It has quoted and charged consumers such "fees" since that time.

### V.

### CLASS ACTION ALLEGATIONS

29. Plaintiff brings this class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who rented a car from Enterprise at a Nevada airport and were charged a base car rental rate as well as a separate concession recovery fee or comparable fee during the period from June 3, 2004 through September 30, 2009 (the "Class").

30. Excluded from the Class are Defendant Enterprise, any person, firm, trust, corporation, officer, director or other individual or entity in which Defendant has a controlling interest or which is related to or affiliated with Defendant, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are Plaintiff's counsel and all judicial officers responsible for any decisions in this matter.

31. The Class is so numerous that joinder of all members is impracticable. Plaintiff estimates that there are more than ten thousand class members.

32. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has no interests which are contrary to or in conflict with those of the Class members she seeks to represent. Plaintiff has retained competent counsel, experienced in

complex class action litigation, to further ensure such protection, and she intends to prosecute this action vigorously.

33. Plaintiff's claims are typical of the claims of the other members of the Class as their claims and damages arise from and were caused by the same unlawful course of conduct.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class are likely to be relatively small, the expense and burden of individual litigation make it impractical for the members of the Class to individually redress the wrongs done to them. Plaintiff knows of no difficulty that will be encountered in the management of this litigation by this Honorable Court that would preclude its maintenance as a class action.

35. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are the following:

  a. Whether Defendant has charged car rental fees that were prohibited by N.R.S. Section 482.31575;

  b. The appropriate measure of damages to redress such improper charges;

  c. Whether Plaintiff and the Class are entitled to restitution.

36. Proper and sufficient notice of this action may be provided to Class members through normal methods of direct mail, e-mail, and publication notice. Plaintiff does not foresee any difficulties in the management of this case as a class action.

37. Plaintiff, individually and on behalf of the Class, demands a jury.

## TOLLING AGREEMENT

38. Pursuant to a voluntary dismissal of claims by Plaintiff against an affiliate of Defendant, Defendant and Plaintiff entered into a tolling agreement, which was subsequently extended. Pursuant to the terms of these agreements, the statute of limitations on these claims was suspended from October 13, 2006, until October 12, 2009.

**FIRST CAUSE OF ACTION**

**(Pursuant to N.R.S. § 482.31575)**

39. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further alleges as follows.

40. Throughout the Class Period, Defendant violated N.R.S. Section 482.31575 by quoting and charging Plaintiff and the Class improper surcharges – specifically, by tacking on to the base rate airport concession recovery fees, which were prohibited by the statute.

41. As a direct and proximate result of Defendant's violation of Section 482.31575, Plaintiff and the Class have suffered damages in an amount to be proven at trial. She brings this action to recover damages and to obtain equitable relief for the violations.

**SECOND CAUSE OF ACTION**

**(Pursuant to Common Law Unjust Enrichment)**

42. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further alleges as follows:

43. Enterprise improperly and unlawfully required Plaintiff to pay concession recovery fees in connection with vehicle rentals. Such charges were prohibited by Nevada law throughout the Class Period.

44. Enterprise was benefitted, and Plaintiff was injured by, the foregoing improper and unlawful charges.

45. It would be unjust and inequitable to permit Enterprise to retain the benefit of these unlawful charges.

46. Plaintiff and the Class are entitled to restitution of such unlawful charges.

**PRAYER FOR RELIEF**

WHEREFORE, the representative Plaintiff demands judgment individually and on behalf of the Class as follows:

A. Determining that the instant action is a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure, and designating Plaintiff as class representative and her counsel as counsel for the Class;

1     B.   Awarding damages against Defendant and in favor of Plaintiff and all members of
2  the Class in the full amount of the injuries determined to have been sustained by them;
3     C.   Awarding Plaintiff and the Class restitution of any improper charges; and
4     D.   Awarding Plaintiff and members of the Class the costs of this suit, including
5  reasonable attorneys' fees, experts' fees and other disbursements; and such other and further
6  relief as may be just and proper.
7  Dated: June 3, 2010.

        ROBERTSON & BENEVENTO
        50 West Liberty Street, Suite 600
        Reno, Nevada 89501
        (775) 329-5600

        By: /S/ G. David Robertson
           G. David Robertson, Esq.
           Richard D. Williamson, Esq.
           Attorneys for Plaintiff

OF COUNSEL:

| | |
|---|---|
| David B. Zlotnick, Esq., CA SBN 195607 | Susan Schneider Thomas, Esq. |
| LAW OFFICES OF DAVID B. ZLOTNICK | Arthur Stock, Esq. |
| 625 Broadway, Suite 635 | BERGER & MONTAGUE, P.C. |
| San Diego, CA 92101 | 1622 Locust Street |
| TEL: (619) 232-0331 | Philadelphia, PA 19103 |
| FAX: (619) 232-4019 | TEL: (215) 875-3000 |
| | FAX: (215) 875-4636 |

COUNSEL FOR PLAINTIFF AND THE CLASS

**JURY DEMAND**

Plaintiff hereby requests that all issues in this action which may be legally tried before a jury be so tried, and a jury is hereby demanded as to all such issues.

Dated: June 3, 2010.

                                                ROBERTSON & BENEVENTO
50 West Liberty Street, Suite 600
Reno, Nevada 89501
(775) 329-5600

By: /S/ G. David Robertson
    G. David Robertson, Esq.
    Richard D. Williamson, Esq.
    Attorneys for Plaintiff

OF COUNSEL:

| | |
|---|---|
| David B. Zlotnick, Esq., CA SBN 195607<br>LAW OFFICES OF DAVID B. ZLOTNICK<br>625 Broadway, Suite 635<br>San Diego, CA 92101<br>TEL: (619) 232-0331<br>FAX: (619) 232-4019 | Susan Schneider Thomas, Esq.<br>Arthur Stock, Esq.<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>TEL: (215) 875-3000<br>FAX: (215) 875-4636 |

COUNSEL FOR PLAINTIFF AND THE CLASS