1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JANET SOBEL, DANIEL DUGAN, PhD., and LYDIA LEE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE HERTZ CORPORATION, a Delaware corporation; and, ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation,<br><br>Defendants.<br>_____/ | **Case No.: 3:06-cv-00545 LRH-RAM**<br><br>**STIPULATION AND ORDER RE FILING CONSOLIDATED AMENDED COMPLAINT** |
| LYDIA LEE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE HERTZ CORPORATION, a Delaware corporation; and, ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation,<br><br>Defendants.<br>_____/ | **Case No.: 3:10-cv-00326 LRH-VPC**<br><br>**STIPULATION AND ORDER RE FILING CONSOLIDATED AMENDED COMPLAINT** |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs, Janet Sobel, Daniel Dugan, PhD., Lydia Lee, and Mark Singer (collectively "Plaintiffs"), and Defendants, The Hertz Corporation ("Hertz"), Enterprise Leasing Company – West, LLC ("Enterprise"), and Vanguard Car Rental USA, LLC ("Vanguard") (collectively, "Defendants"), hereby stipulate and agree as follows:

WHEREAS, Civil Action No. 06-cv-00545 was filed on October 13, 2006 against Defendant Hertz and an affiliate of Enterprise; and

WHEREAS, Plaintiff Lydia Lee ("Lee") entered into a tolling agreement with Defendant Enterprise, and Lee and Enterprise were thereafter dismissed as parties from Civil Action No. 06-cv-00545 without prejudice; and

WHEREAS, on or about June 3, 2010, Plaintiff Lee filed a new action against Enterprise, Civil Action No. 3:10-cv-00326; and

WHEREAS, on or about July 22, 2010, Plaintiff Lee filed an Amended Complaint in Civil Action No. 3:10-cv-00326, which, inter alia, added Mark Singer as a plaintiff and Vanguard as a Defendant; and

WHEREAS, Plaintiffs and Defendants in the two above actions have entered into a Settlement Agreement, which Plaintiffs filed with the Court on or about October 5, 2010 as an exhibit to Plaintiffs' Motion for Preliminary Approval of the Proposed Settlement; and

WHEREAS, the Settlement Agreement contemplates that the above actions would be consolidated for purposes of settlement and that Plaintiffs would file a Consolidated Amended Complaint;

NOW, THEREFORE, it is hereby STIPULATED AND AGREED by and among the undersigned that, subject to Court approval, the above actions shall be consolidated for purposes of settlement and that Plaintiffs shall file a Second Amended Class Action Complaint, substantially in the form attached as Exhibit 1 hereto, in Civil Action 3:06-cv-00545.

It is further STIPULATED AND AGREED that Defendants need not answer or otherwise respond to the Second Amended Class Action Complaint and that all proceedings in

the above Actions, except for those relating to the proposed Settlement, shall be stayed pending the Court's decision whether to finally approve the proposed Settlement.

It is further STIPULATED AND AGREED that, in the event the Settlement does not become final, as defined in the Settlement Agreement, the above Actions will revert to their former status and shall proceed separately.

AGREED TO:

DATED this 19th day of October, 2010.          DATED this 19th day of October, 2010.

MORRIS PETERSON SHEPPARD,                      BOWEN HALL
MULLIN, RICHTER AND HAMPTON LLP

By:  /s/ William E. Peterson                   By:  /s/ Dan C. Bowen
     William E. Peterson, Esq.                      Dan C. Bowen, Esq.
     Attorneys for Hertz                            Attorneys for Enterprise & Vanguard

Dated: October 19, 2010                        ROBERTSON & BENEVENTO


                                               By:  /S/ G. David Robertson
                                                    G. David Robertson, Esq. (SBN 1001)
                                                    Jarrad C. Miller, Esq. (SBN 7093)

                                                    Attorneys for Plaintiffs


APPROVED and SO ORDERED this 29th day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

G. David Robertson, Esq., 1001
ROBERTSON & BENEVENTO
50 West Liberty Street, Suite 600
Reno, Nevada 89501
(775) 329-5600
(775) 348-8300
gdavid@nvlawyers.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JANET SOBEL DANIEL DUGAN, Ph.D., LYDIA LEE, AND MARK SINGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE HERTZ CORPORATION, a Delaware corporation, ENTERPRISE LEASING COMPANY-WEST, LLC, a Delaware LLC, and VANGUARD CAR RENTAL USA, LLC, a Delaware LLC<br><br>Defendant. | CASE No.: 3:06-cv-00545 LRH-RAM<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT [VIOLATIONS OF NRS § 482.31575 AND COMMON LAW CLAIM FOR UNJUST ENRICHMENT]** |

Plaintiffs, Janet Sobel, Daniel Dugan, Ph.D., Lydia Lee, and Mark Singer (collectively, "Plaintiffs"), allege, on behalf of themselves and all others similarly situated, upon personal knowledge as to themselves and their acts, and, as to all other matters upon information and belief, based upon, inter alia, the investigations made by their attorneys, as follows:

### I.

### NATURE OF THE ACTION

1. This is a class action on behalf of persons who have rented cars from Defendants The Hertz Corporation ("Hertz"), Enterprise Leasing Company-West, LLC ("Enterprise"), and Vanguard Car Rental, USA, LLC ("Vanguard"), at airports in Nevada and to whom Defendants quoted and charged airport concession recovery fees that were prohibited by N.R.S. § 482.31575. Plaintiffs seek damages and restitution, pursuant to N.R.S. § 482.31575 and Nevada common law, arising from Defendants' unfair and unlawful practices.

## II.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to diversity of citizenship, 28 U.S.C. § 1332(d)(2), in that this is a class action in which the amount in controversy exceeds $5 million and Defendants are citizens of states other than states in which three named plaintiffs and many Class Members are citizens.

3. Defendants regularly conduct business in this District, and the acts and transactions at issue occurred in this District. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## III.

## THE PARTIES

4. The Plaintiffs are persons who have rented cars at airports in the State of Nevada and have been quoted and charged airport concession recovery fees prohibited by Nevada law. They are as follows:

    a. Plaintiff Janet Sobel is a natural person and resident of the State of California. She rented a car at the Las Vegas airport through Defendant The Hertz Corporation ("Hertz") during the Hertz Class Period defined below, and was quoted and charged a separate airport concession recovery fee in violation of Nevada law.

Second Am Class Action Complaint – Exhibit C to Settlement Agreement

2

       b.      Plaintiff Daniel Dugan, Ph D., is a natural person and resident of the State of Nevada residing in Washoe County and primarily conducting business in Washoe County. He has rented cars at the Reno and Las Vegas airports for both business and personal purposes through various rental car firms, including Defendant Hertz, during the Hertz Class Period defined below, and was quoted and charged a separate airport concession recovery fee in violation of Nevada law.

       c.      Plaintiff Lydia Lee is a natural person and resident of the State of Oklahoma. She rented a car at the Las Vegas airport through Defendant Enterprise during the Enterprise class period defined below, and was quoted and charged a separate airport concession recovery fee in violation of Nevada law.

       d.      Plaintiff Mark Singer is a natural person and resident of the Commonwealth of Pennsylvania. He rented a car at the Las Vegas airport through Defendant Vanguard, during the Vanguard Class Period, and was quoted and charged a separate airport concession recovery fee in violation of Nevada law.

       5.      Defendant The Hertz Corporation ("Hertz") is a Delaware corporation with its principal place of business at 225 Brae Boulevard, Park Ridge, New Jersey. Hertz is registered to do business and does business in Nevada. Hertz directly or indirectly owns and controls the operations of Simply Wheelz LLC, d/b/a Advantage Rent-A-Car ("Advantage").

       6.      Defendant Enterprise is a Delaware Limited Liability Company with its principal place of business at 8290 South Arville Road, Las Vegas, Nevada. It is a citizen of Delaware and Nevada.

       7.      Defendant Vanguard is a Delaware Limited Liability Company with its principal place of business at 600 Corporate Park Drive, St. Louis, Missouri. It is a citizen of Delaware and Missouri. It regularly does business in the State of Nevada as Alamo Rent A Car and National Car Rental.

Second Am Class Action Complaint – Exhibit C to Settlement Agreement

8. Vanguard and Enterprise have been corporate affiliates since August 2007, when an affiliate of Enterprise acquired Vanguard.

## IV.

## COMMON FACTUAL ALLEGATIONS

9. The short-term rental car business is a highly competitive industry with domestic revenues in excess of ten billion dollars annually. Approximately 80% of industry revenues come from car rentals at airport locations. Defendants are among the major rental car companies in the country and rent vehicles, directly and/or indirectly, at numerous airport locations, including the Reno-Tahoe International Airport and Las Vegas McCarran International Airport as well as other Nevada airports.

### A. The Nature of Airport Concession Fees and Concession Recovery Fees

10. In return for the right to operate at lucrative airport locations, rental car companies are required to pay fees to the airports, which are commonly referred to as concession fees. Rental car companies whose branches are not located at the airport generally do not pay such fees, though they may be required to pay "access fees" to airports to the extent they pick up customers at the airport. At the Reno-Tahoe and McCarran airports, Defendants are required to pay 10% of their gross revenues to the airports as concession fees.

11. At most airport locations across the Country, Defendants pass through airport concession fees to its customers as surcharges. Since the mid-to-late 1990s, Defendants have "unbundled" these surcharges from their base rental rates in an attempt to compete more effectively and maximize their profits. Defendants thus quote and charge a base rental rate and, in addition, a separate airport concession recovery fee. When Defendants impose such surcharges on their

Second Am Class Action Complaint – Exhibit C to Settlement Agreement

4

customers, it is merely a means to bill separately for a part of their overhead, a practice that tends to mislead most customers about the true rental rate.

12. Defendants adopted such surcharges in order to be able to advertise and quote lower rates. Defendants structure their charges in this fashion in order to maximize their revenues and profits. By advertising lower base rates and leading car renters to believe that the "airport concession recovery fee" is a charge imposed by the airport, rather than by them, Defendants are able to charge a materially higher total rate than they could otherwise charge.

13. In fact, however, concession fees are imposed on the rental car firms by the airport authorities; concession recovery fees are distinct charges that were created by the rental car firms and which those firms impose on renters in order to maximize their revenues while maintaining artificially low base rates. The difference between the two charges is demonstrated by the fact that the Reno-Tahoe airport charges Hertz and other rental car companies a 10% concession fee; but Hertz charged plaintiff Dugan an 11.54% concession recovery fee on a recent rental at the Reno-Tahoe airport.

### B. The NAAG Task Force Report

14. In 1988, the National Association of Attorneys General ("NAAG") formed a task force (the "NAAG Task Force") to study car rental advertising and related practices. The NAAG Task Force was formed in response to an announcement by The Hertz Corporation in late 1987 that it intended to introduce a new advertising campaign that would promote seemingly "lower" airport rental fees by subtracting the seven to twelve percent charged by airports as concession fees from the advertised rate. Hertz acknowledged, however, that it would then add this amount back into the contract price as a surcharge (i.e., the "concession recovery fee" which was charged to the Plaintiffs herein and is at issue in this litigation). When several states threatened litigation, Hertz abandoned its advertising campaign; but a number of State Attorneys General formed an ad hoc group to look more

Second Am Class Action Complaint – Exhibit C to Settlement Agreement

5

broadly into rental car advertising and charges. That group led to the formation of the NAAG Task Force in March 1988.

15.    In June 1988, the NAAG Task Force issued a preliminary report which concluded that "the most critical problem with the car rental industry was that, in an effort to compete, they had through various deceptive, false, misleading and unfair advertising and business practices created lead prices that were substantially less than the actual prices consumers pay for rental vehicles." In part, the rental companies did this by subtracting certain items such as "airport fees" from the advertised price, but then adding the charges back on as separate mandatory surcharges. The Task Force drew three broad conclusions in its preliminary report, including that "mandatory charges must be included in the price advertised as the base rental rate . . . ." Comments were then solicited and hearings held, as well as private meetings with industry personnel, prior to adoption of the final Report and Guidelines in March 1989.

16.    Defendant Hertz commented on the NAAG Draft Guidelines, in pertinent part, as follows:

> We are particularly gratified that the Task Force has rejected the litany of complaints presented by the cabal of car rental companies that engage in unsavory, anti-consumer tactics. For too long these companies have been springing traps of additional charges on unsuspecting renters and have used the various advertising media to do so. In particular, Hertz strongly endorses:
>
> 1.    The required inclusion of all mandatory charges in the advertised price – wherever advertised.
>
> \* \* \* \* \*
>
> These are important steps forward in the process of bringing industry standards to acceptable levels of fair competition and consumer protection.

Second Am Class Action Complaint – Exhibit C to Settlement Agreement

17. The Task Force guidelines were ultimately approved by NAAG in or about early 1999. Those Guidelines were drafted and adopted to, inter alia, "eliminate the unbundling of mandatory charges from advertised car rental rates." Guideline 2.5 addresses Mandatory Additional Charges and states as follows: "Any surcharge or fee that consumers must generally pay at any location in order to obtain or operate a rental vehicle must be included in the total advertised price of the rental." The Report states, in pertinent part, as follows:

> As stated in the Preliminary Report, the Task Force is extremely concerned about the growing practice of "unbundling" or subtracting certain mandatory charges from the advertised price for the purpose of making the cost of the rental appear less than it actually is. Recently, a rental company with offices on-site at airports announced that it would reduce the base price in its advertisements but would add a mandatory charge, equivalent to the amount it paid to the airport for its on-site location (i.e., its concession fee), to the price charged to consumers. After meeting with several attorneys' general offices, the company abandoned its plan.

Task Force Report at p. 11 (Comment to Guideline 2.5). In short, the Task Force unambiguously concluded that the unbundling of mandatory charges, such as concession recovery fees, from the base rate was improper.

### C. Airport "Access Fees"

18. The Task Force Report noted that there was a growing trend by airports to impose "access fees" on off-airport rental car companies that picked customers up at the airport. The Report noted that such airport *access fees* charged to customers of off-airport rental companies might warrant different treatment from concession recovery fees, commenting as follows: "When airports charging an access fee to off-airport auto rental companies only assess that fee if the consumer utilizes the auto rental company's van, it can be argued that this is an optional fee and not a mandatory fee." *Id.* In other words, because some of the customers of off-airport rental car companies are local residents or

Second Am Class Action Complaint – Exhibit C to Settlement Agreement

7

others who are not obligated to pay any airport related fees or charges, it is unfair and potentially misleading to require those off-airport firms to bundle such airport fees into their base rates.

19. In early 1989, Clark County adopted Ordinance 1131, which imposed such an access fee directly on car renters (as distinct from the concession fee that the airport imposed on the rental firms) who arrived at the airport and were picked up by off-airport car rental firms. The Ordinance stated in pertinent part as follows:

> Effective April 1, 1989, ground transportation companies and hotels or motels providing or operating courtesy vehicles on any airport property *and not otherwise governed by [a] concession or lease agreement* . . . [i.e., companies that were not on the airport] shall pay the following rates, charges and fees at the Airport:
>
> . . . .
>
> (e) Rental car ground transportation companies or operators *shall collect and pay an Airport access fee* of three dollars ($3.00) for each contract written for vehicle rentals to customers picked up at the Airport and transported from Airport Property.

Ordinance 1131 at pp. 2-3 (March 7, 1989) (emphasis added).

### D. The Adoption of N.R.S. § 482.31575

20. At or about the time of the NAAG Task Force Report, a number of states enacted statutes regulating rental car advertising and charges, including imposing the requirement that all mandatory charges be bundled into the daily rate.

21. In 1989, the Nevada Legislature enacted such a statute -- Assembly Bill 612, codified at Section 482.31575 of the Nevada Revised Statutes. It provides in pertinent part as follows:

> A short-term lessor shall advertise, quote and charge a rate for leasing a passenger car that includes the entire amount except the taxes, any fees paid to airports and any charges for mileage, that a short-term lessee must pay to lease the car for the period to which the rate applies.

22. As originally proposed, AB 612 would have required all rental car charges except for taxes and mileage charges (which are inherently variable) to be bundled into the base rate. The original version of Section 15 provided, in pertinent part, as follows:

> A short-term lessor shall advertise, quote and charge a rate for leasing a passenger car that includes the entire amount except the taxes and a mileage charge, if any, that a short-term lessee must pay to lease the car for the period to which the rate applies.

23. The legislative history of N.R.S. Section 482.31575 makes clear that the addition of the exception for "any fees paid to airports" was only intended to permit off-airport firms to separately charge renters the $3 "access fee" that the Clark County Airport Authority had recently imposed by ordinance on such renters. That exception to the bundling requirement was not intended to allow rental firms to impose their own surcharges on renters, even if those surcharges were related to airport fees. Indeed, at the time the statute was adopted and for six years thereafter, neither Defendant Hertz nor its on-airport competitors charged "concession recovery fees" to persons who rented cars at airports in Nevada.

24. Notably, the Clark County Ordinance required the off-airport rental companies to collect the access fee from the customer. By contrast, until 1996, the Concession Agreement between McCarran and Defendants expressly precluded Defendants from passing through an unbundled surcharge to recoup the concession fee it was required to pay to the airport. That Agreement stated in pertinent part as follows: "Concessionaire will not be allowed to list concession fees payable to County as a separate item on its customer's rental contracts or invoices." 1994 Operating Agreement at § 1.6.1.5. That provision remained in effect until late 1995, when the rental car firms successfully lobbied the Airport Authority to drop that provision of the Concession Agreement.

E. **Defendant Hertz's 1995 Lobbying Efforts**

Second Am Class Action Complaint – Exhibit C to Settlement Agreement

9

25. By early 1995, Hertz and other on-airport rental car firms were facing increased competition from smaller off-airport companies. Hertz, among others lobbied the Nevada legislature to adopt SB 396, which would have required off-airport rental car firms to bundle airport "access fees" (which by then were a larger amount) into their quoted and charged rates.

26. In the course of lobbying for SB 396, Hertz admitted its understanding that existing law precluded the on-airport companies from charging an unbundled concession recovery fee. In that regard, Hertz's lobbyist, Scott Craigie, submitted an Exhibit to the Legislature which described Nevada law as follows: "On airport companies are placed at a serious disadvantage: . . . They must roll their [airport] fees into their advertised rate -- their competitors don't."

27. SB 396 was vigorously opposed by the smaller, off-airport rental car companies and was not adopted by the legislature.

### F. Defendants' Unbundling of Their Concession Recovery Fees

28. Following the defeat of SB 396, Defendant Hertz and others changed tack and took the position that existing law allowed them to charge an unbundled "concession recovery fee" to persons who rented cars from it at Nevada airports.

29. Hertz and other on-airport firms argued to McCarran and Reno-Tahoe airport officials that N.R.S. 482.31575 allowed them to separately charge for "fees paid to airports" and that their concession recovery fees fit within that statutory language. McCarran airport authorities apparently concluded that the statute was ambiguous, and agreed in late 1995 to waive the clause in its concession agreements that precluded on-airport companies from surcharging consumers with such a fee. Hertz then lobbied Reno-Tahoe airport officials, who subsequently waived the comparable clause in that airport's rental car concession agreements.

Second Am Class Action Complaint – Exhibit C to Settlement Agreement

10

30.     Beginning prior to the relevant class periods, Defendants began charging an unbundled concession recovery fee in connection with rentals at their McCarran and Reno-Tahoe airport locations. They have quoted and charged consumers such "fees" since that time.

31.     Certain amendments to N.R.S. Section 482.31575 became effective on October 1, 2009. Accordingly, the Class Period ends on September 30, 2009.

## V.

## CLASS ACTION ALLEGATIONS

32.     Plaintiffs bring this class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all renters who were charged one or more Airport Concession Recovery Fees by:

   a. Hertz for car rentals from Hertz at the Reno-Tahoe International Airport or at the Las Vegas McCarran International Airport from October 13, 2003 through September 30, 2009, including renters who were charged one or more Airport Concession Recovery Fee(s) by Advantage for car rentals at the Reno-Tahoe International Airport from July 1, 2009 through September 30, 2009; or

   b. Enterprise for car rentals from Enterprise Rent-A-Car at the Reno-Tahoe International Airport or at the Las Vegas McCarran International Airport from June 3, 2004 through September 30, 2009; or

   c. Vanguard for car rentals from Vanguard, doing business as Alamo at the Reno-Tahoe International Airport or at the Las Vegas McCarran International Airport from June 3, 2007 through September 30, 2009; or

Second Am Class Action Complaint – Exhibit C to Settlement Agreement

11

  d. Vanguard for car rentals from Vanguard, doing business as National at the Reno-Tahoe International Airport or at the Las Vegas McCarran International Airport from June 3, 2007 through September 30, 2009.

33. Excluded from the Class are Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which Defendants have a controlling interest or which is related to or affiliated with Defendants, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are Plaintiffs' counsel and all judicial officers responsible for any decisions in this matter.

34. The Class is so numerous that joinder of all members is impracticable. Plaintiffs estimate that there are more than one hundred thousand class members.

35. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have no interests which are contrary to or in conflict with those of the Class members they seek to represent. Plaintiffs have retained competent counsel, experienced in complex class action litigation, to further ensure such protection, and they intend to prosecute this action vigorously.

36. Plaintiffs' claims are typical of the claims of the other members of the Class as their claims and damages arise from and were caused by the same unlawful course of conduct.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class are likely to be relatively small, the expense and burden of individual litigation make it impractical for the members of the Class to individually redress the wrongs done to them. Plaintiffs know of no difficulty that will be encountered in the management of this litigation by this Honorable Court that would preclude its maintenance as a class action.

Second Am Class Action Complaint – Exhibit C to Settlement Agreement

38. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are the following:

    a. Whether Defendants have charged car rental fees that are prohibited by N.R.S. § 482.31575;

    b. The appropriate measure of damages to redress such improper charges;

    c. Whether Plaintiffs and the Class are entitled to restitution and injunctive relief; and

    d. Whether Defendants' conduct also violated Nevada's Deceptive Trade Practices Act.

39. Proper and sufficient notice of this action may be provided to Class members through normal methods of direct mail, e-mail, and publication notice. Plaintiffs do not foresee any difficulties in the management of this case as a class action.

## FIRST CAUSE OF ACTION

### (Pursuant to N.R.S. § 482.31575)

40. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth here and further allege as follows.

41. At all relevant times, Defendants violated N.R.S. § 482.31575 by quoting and charging Plaintiffs and the Class improper surcharges – specifically, by tacking on to the base rate airport concession recovery fees, which are prohibited by the statute.

42. As a direct and proximate result of Defendants' violation of Section 482.31575, Plaintiffs and the Class have suffered damages in an amount to be proven at trial. They bring this action to recover damages and to obtain equitable relief for the violations.

Second Am Class Action Complaint – Exhibit C to Settlement Agreement

## SECOND CAUSE OF ACTION

### (Pursuant to Common Law Unjust Enrichment)

43. Plaintiffs and the Class incorporate by reference all preceding paragraphs as if fully set forth here and further allege as follows:

44. Defendants improperly and unlawfully required Plaintiffs to pay concession recovery fees in connection with vehicle rentals. Such charges were and are prohibited by Nevada law.

45. Defendants were benefitted, and Plaintiffs were injured by the foregoing improper and unlawful charges.

46. It would be unjust and inequitable to permit Defendants to retain the benefit of these unlawful charges.

47. Plaintiffs are entitled to restitution of such unlawful charges.

## PRAYER FOR RELIEF

WHEREFORE, the representative Plaintiffs demand judgment individually and on behalf of the Class as follows:

A. Determining that the instant action is a proper class action maintainable under Rule 23, F.R.C.P., and designating Plaintiffs as class representatives and their counsel as counsel for the Class;

B. Awarding damages against Defendants and in favor of the representative Plaintiffs and all members of the Class in the full amount of the injuries determined to have been sustained by them;

C. Awarding Plaintiffs and the Class restitution of any improper; and

D. Awarding Plaintiffs and members of the Class the costs of this suit, including reasonable attorneys' fees, experts' fees and other disbursements; and such other and further relief as may be just and proper.

Dated:

Second Am Class Action Complaint – Exhibit C to Settlement Agreement

<table>
<tr><td>OF COUNSEL:</td><td>ROBERTSON & BENEVENTO<br>50 West Liberty Street, Suite 600<br>Reno, Nevada 89501<br>(775) 329-5600<br><br>By: /S/ G. David Robertson<br>    G. David Robertson, Esq.<br>    Attorneys for Plaintiff</td></tr>
<tr><td>David B. Zlotnick, Esq., CA SBN 195607<br>LAW OFFICES OF DAVID B. ZLOTNICK<br>625 Broadway, Suite 635<br>San Diego, CA 92101<br>TEL: (619) 232-0331<br>FAX: (619) 232-4019</td><td>Susan S. Thomas, Esq.<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>TEL: (215) 875-3000<br>FAX: (215) 875-4636</td></tr>
</table>

COUNSEL FOR PLAINTIFFS AND THE CLASS

Second Am Class Action Complaint – Exhibit C to Settlement Agreement