1

2

3

4

5            UNITED STATES DISTRICT COURT

6                  DISTRICT OF NEVADA

7                        * * *

8   LYDIA LEE and CAROLYN BISSONETTE,        )
    individually and on behalf of others similarly )
9   situated,                                )          3:10-CV-00326-LRH-WGC
                                             )
10                        Plaintiffs,        )
                                             )          ORDER
11   v.                                      )
                                             )
12   ENTERPRISE LEASING COMPANY-             )
     WEST, a Delaware LLC; and VANGUARD      )
13   CAR RENTAL USA, LLC, a Delaware LLC,    )
                                             )
14                        Defendants.        )
                                             )
15   _____)

16          Before the court is Defendants' corrected Motion to Dismiss (#27[1]).  Plaintiffs filed an

17   opposition (#32), and Defendants replied (#35).

18   I.     Facts and Procedural History

19          Although involving different parties, this putative class action involves substantially the

20   same claims and issues that are presented in a separate case currently pending before this court,

21   *Sobel v. Hertz Corporation*, No. 3:06-cv-545-LRH-RAM.  Like the *Sobel* parties, the plaintiffs

22   here, Lydia Lee and Carolyn Bissonette, rented cars at Nevada airports; and the defendants,

23   Enterprise Leasing Company-West, LLC and Vanguard Car Rental USA, LLC, are national rental

24   car companies that have operations at Nevada airports.  Lee rented from Enterprise, and Bissonette

25

26

          [1]Refers to the court's docket entry number.

1   rented from Vanguard, operating as Alamo Rent-A-Car.  Vanguard also operates at Nevada airports

2   as National Car Rental.  Both rented at the McCarran International Airport.

3          In order to operate at the Reno-Tahoe International Airport and the McCarran International

4   Airport, rental car companies are required by the airports to pay concession fees of ten percent of

5   their gross revenues received there.  Although the airports impose these fees on the rental car

6   companies rather than their customers, Defendants pass along the expense to their customers by

7   imposing ten percent surcharges to their base rental rates as so-called "concession recovery fees."

8   Beginning prior to the relevant class periods, Defendants have "unbundled" the surcharge from

9   their base rental rates.  In other words, the base rental rate advertised and quoted to customers does

10  not include the separate airport concession recovery fee that Defendants charge their customers.

11  As in *Sobel*, the dispute in this case revolves around whether section 482.31575 of the Nevada

12  Revised Statutes, as it existed prior to its amendment on October 1, 2009, permitted Defendants to

13  charge customers a separate airport concession recovery fee that was not included in the price

14  advertised and quoted to customers.[2]

15         Although once conditionally consolidated with *Sobel* for purposes of a proposed class

16  settlement, following the court's disapproval of that proposed settlement, this case has proceeded

17  as a separate action.  The operative pleading is the Second Amended Class Action Complaint

18  (#11), filed on August 16, 2011.  Plaintiffs allege two claims for relief.  First, they seek damages

19  and equitable relief for violations of section 482.31575 based on Defendants' actions in quoting

20  and charging unbundled airport concession recovery fees on top of the base rate.  Second, they seek

21  restitution under a claim of unjust enrichment.  Plaintiffs also seek to represent a class of all

22  persons who rented a car from Enterprise or Vanguard, operating as Alamo or National, at a

23  Nevada airport and were charged a base car rental rate as well as a separate concession recovery fee

24

25         _____

        [2]As amended, the statute now expressly permits this practice.

26

2

1   or comparable fee during the period of June 3, 2004 thru September 20, 2009 as to Enterprise, and

2   during the period of June 3, 2007 thru September 30, 2009 as to Vanguard.

3        Defendants now move to dismiss the Second Amended Complaint or for other relief.

4   Defendants principally move to dismiss Plaintiffs' claims regarding Vanguard's National Car

5   Rental division under Fed. R. Civ. P. 12(b)(1) for lack of standing, and they move to dismiss the

6   entire complaint under Rule 12(b)(3) for failure to state a claim.   In the alternative, Defendants

7   move for an order certifying the question of the interpretation of NRS § 482.31575 to the Nevada

8   Supreme Court.  Finally, Defendants also move to strike certain allegations in the complaint under

9   Rule 12(f) as immaterial and prejudicial.

10  **II.     Standing as to National**

11       A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) may be

12  raised at any time and may present either a facial or factual attack.  *See* Fed. R. Civ. P. 12(h)(3);

13  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the

14  challenger asserts that the allegations contained in a complaint are insufficient on their face to

15  invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the

16  allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*  Accordingly,

17  because Defendants only challenge the sufficiency of Plaintiffs' allegations to establish standing,

18  the court treats the challenge as a facial attack and accepts the Plaintiffs' factual allegations as true.

19       Defendants instead contend that Plaintiffs lack standing to assert claims that relate to car

20  rentals from Vanguard's National Car Rental division, as Plaintiffs contend that Bissonette rented

21  only from Vanguard's Alamo Rent-A-Car division.  Defendants argue that, as to National,

22  Plaintiffs have therefore failed to allege that they suffered an injury that is "fairly traceable" to

23  defendants' conduct and redressable by a favorable decision.  Defendants also argue that Plaintiffs

24  are not exempt from these standing requirements even though they have filed a putative class

25  action, because in class actions at least one named plaintiff must have standing for each claim

26

3

1    alleged in the complaint, citing *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir.

2    2001) ("A named plaintiff cannot represent a class alleging constitutional claims that the named

3    plaintiff does not have standing to raise.").

4         Significantly, Defendants make no contention that either of the two named plaintiffs, either

5    of their two claims for relief, or either of the two named defendants should be dismissed on the

6    basis of the Plaintiffs' lack of standing.  Indeed, it is quite clear that the factual allegations of the

7    Second Amended Complaint are sufficient to establish the "irreducible constitutional minimum" of

8    Article III standing – injury in fact, causation, and redressability – as to each named plaintiff,

9    claim, and named defendant.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  It is

10   alleged that Lee and Bissonette rented cars at Nevada airports from Enterprise and Vanguard,

11   respectively, that each company charged their respective customers an unbundled concession

12   recovery fee on top of the base rental rate in violation of former section 482.31575, and that

13   Enterprise and Vanguard were unjustly enriched by this practice at Plaintiffs' expense.

14        While Plaintiffs must allege an injury that is fairly traceable to the conduct of a

15   "defendant," the court rejects Defendants' argument that this excludes National, as if National were

16   a distinct entity capable of independent conduct.  Defendants make no contention that National or

17   Alamo are distinct legal entities from Vanguard.  *Cf. Easter v. Am. W. Fin.*, 381 F.3d 948, 962-63

18   (9th Cir. 2004).  Rather, they are mere "brands" of Vanguard.  (Motion (#27), p. 4.)  Although

19   doing business under the "National" brand, Vanguard is the entity that charged unbundled airport

20   concession recovery fees and is subject to suit.  There is no contention that any entity is missing

21   from this action, nor that any party should be dismissed on account of Plaintiffs' lack of standing.

22        The court also rejects Defendants' argument that distinct "claims" are asserted as to

23   National, such that Plaintiffs lack standing to assert those claims on behalf of a class that includes

24   customers of Vanguard's National brand.  Plaintiffs' two claims for relief are actually asserted

25   against named-defendant Vanguard based on its uniform billing practices across brands.  The

26

4

1    *Hawkins* decision cited by Defendants is inapposite.  The principle relied upon there, that a named

2    plaintiff cannot represent a class alleging claims that the named plaintiff does not have standing to

3    raise, refers to *types* of claims.  *See Hawkins*, 251 F.3d at 1238 (holding that the named plaintiff, as

4    a convicted prisoner, had standing to raise Eight Amendment claims but not Fourth Amendment

5    claims).  Here, there is no question that Bissonette has standing to raise both types of claims

6    asserted—violation of section 482.31575 and unjust enrichment against Vanguard.

7            Defendants also argue that Plaintiffs lack standing to bring claims as to Vanguard's

8    National brand because National is a distinct "product or service" that neither Plaintiff purchased.

9    But while there are surely other contexts in which this principle would apply, it does not apply to

10   these facts and claims.  Plaintiffs claim that Vanguard, regardless of brand, charged unbundled

11   airport concession recovery fees in conjunction with car rentals.  Thus, they target a specific

12   business practice uniformly engaged in by the same company as to the same product or service.

13   Plaintiffs' claims do not materially distinguish between Vanguard's brands, and Defendants do not

14   point to any distinguishing aspects of Vanguard's business practices under its National brand that

15   are material to Plaintiffs' claims.  The court also finds that given the particular facts and claims

16   presented in this case, Defendants' argument is unsupportable.  If Vanguard's d/b/a is sufficient to

17   render its car rentals a materially distinct product or service for purposes of Plaintiffs' standing,

18   why not the make, model, year, color or size of the cars rented?  Because these aspects of

19   Vanguard's car rentals are immaterial to the claims alleged, the court finds that Bissonette's

20   standing to sue Vanguard is not limited to the brand under which Vanguard was operating at the

21   time.

22          As Plaintiffs submit, these same issues may be relevant to the court's consideration of class

23   definition and representation.  But such class-certification questions have not been presented by the

24   parties and are not logically antecedent to Article III standing.  *Cf. Jepson v. Ticor Title Ins. Co.*,

25   2007 WL 2060856, *1 (W.D. Wash. 2007) (plaintiff lacked standing to assert claims under the

26

1   laws of other states in the absence of class certification). Because the named plaintiffs have

2   standing to assert all claims alleged in the complaint against the named defendants, Defendants'

3   partial motion to dismiss under Rule 12(b)(1) shall be denied.

4   **III.   Failure to State a Claim**

5          Defendants next move to dismiss the Second Amended Complaint under Rule 12(b)(6) on

6   the basis that Defendants have failed to allege that Defendants' conduct violated former NRS

7   § 482.31575. Defendants contend that their activities were not unlawful even under this court's

8   reading of the statute in *Sobel* because the airports permitted rental car companies to impose airport

9   concession recovery fees on their customers. In Defendants' reading, the court interpreted the

10  statute to mean that "an airport fee may be separately stated if the airport *permits* the fee to be

11  imposed on the customer." (Motion (#27), p. 2 (emphasis added).) The argument misreads the

12  court's decision.

13         In *Sobel*, this court held "as a matter of law" that, prior to its amendment in 2009, "section

14  482.31575 required rental car companies to include the airport concession recovery fee in the base

15  rate that they advertised, quoted, and charged to short-term lessees," such that it was unlawful to

16  charge an unbundled airport concession recovery fee on top of the advertised and quoted base

17  rental rate. *Sobel v. Hertz Corp.*, 698 F. Supp. 2d 1218, 1232 (D. Nev. Mar. 17, 2010) (No. 3:06-

18  cv-545-LRH-RAM, #111, pp. 19-20) (order on summary judgment); *accord Sobel v. Hertz Corp.*,

19  2007 WL 2710725, *4 (D. Nev. Sept. 13, 2007) (No. 3:06-cv-545-LRH-RAM, #22, p. 6) (order on

20  motion to dismiss). The court specifically distinguished between the permissible practice of

21  *charging* customers an airport concession recovery fee and the prohibited practice of charging such

22  a fee *while advertising and quoting* a base rental rate that does not include that surcharge. *See*

23  *id.* at *4 (#22, p. 7) ("The issue . . . is not whether airport concession fees may be charged to

24  customers, the issue is whether such charges must be reflected within the rate advertised and

25  quoted to customers.").

26
                                              6

1    A critical part of the court's reasoning was that the statute's reference to "any fees paid to

2    airports" that a short-term lessee "must pay" refers only to charges that the airports require to be

3    paid by the rental car customer and "over which the leasing company would have no control." *See*

4    *Sobel*, 2007 WL 2710725, *2-3 (#22, p. 4-5).  Contrary to Defendants' argument, this

5    unequivocally does *not* include airport concession fees that the car rental companies pass along to

6    their customers at their own option.  That the airport authorities permitted such practices is

7    immaterial; only charges to customers made mandatory by the airport are within the statutory

8    exception.

9        Defendants next dispute this court's interpretation of the statute's legislative history in

10   *Sobel*.  In that case, the court addressed both the legislative history of the pre-2009 version of the

11   statute, *see Sobel*, 2007 WL 2710725, *2-3 (#22, pp. 4-5) (motion to dismiss), and the effect of the

12   2009 amendment, *see Sobel*, 698 F. Supp. 2d at 1224-26 (#111, pp. 7-11).  Having already

13   considered and decided the issue, the court declines to reconsider its prior ruling.

14       Defendants next contend that the practice of unbundling airport concession recovery fees

15   was not unlawful because the airport authorities authorized the practice.  Defendants argue that

16   Nevada statutes specifically vest airport authorities with the power to impose and collect airport

17   fees, and that an agency's construction of a state statute is entitled to deference.  *See Roberts v.*

18   *Nevada*, 752 P.2d 221, 225 (Nev. 1988).  But there are at least two problems with this argument.

19   First, that the airport authorities had the power to impose and collect fees is beside the point.

20   Under the court's construction of the statutory language, the material fact is that in imposing

21   concession fees, the airport authorities imposed the fee on the car rental companies, not customers.

22   Second, the court has before it no reasoned decision interpreting the statutory language to which it

23   might give deference.

24       Defendants finally contend that they should not be subjected to liability based on a

25   reasonable interpretation of an ambiguous statute.  (*See* Motion (#27), p. 2.)  In their reply brief,

Defendants deny that they are presenting merely a "good faith" defense and contend that applying the statute against them would be in violation of their constitutional rights to due process. (Reply (#35), p. 14.)  The court declines to consider such an argument fully presented for the first time in a reply brief.  The singular and passing reference to "due process" in their motion is insufficient to properly present an issue for consideration to this court.

For these reasons, the motion to dismiss under Rule 12(b)(6) shall be denied.

**IV.    Certification**

Short of dismissal, Defendants move for an order certifying the question of the interpretation of NRS § 482.31575 to the Nevada Supreme Court.  Nevada Rule of Appellate Procedure 5(a) permits the Nevada Supreme Court to answer questions of law certified to it by federal district courts that may be determinative of the action and as to which there is no controlling Nevada Supreme Court precedent.

Whether to grant or deny a motion to certify a question to a state supreme court is within the federal court's discretion.  *See* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial ¶ 1:103 (The Rutter Group 2011).  Relevant factors include whether the issue is one of first impression, is likely to recur, or has generated conflicting decisions elsewhere.  *Id.* ¶ 1:104.

Here, the court finds that the circumstances of this case do not warrant certification.  Although the statutory interpretation of NRS § 482.31575 was once an issue of first impression, this court has already resolved that question in a prior case after giving the question considerable thought and attention.  Indeed, this court passed upon the issue twice—once on a motion to dismiss and again on a motion for summary judgment to consider the effect of the statute's amendment in 2009.  Furthermore, given the Nevada Legislature's amendment of the statute in 2009, the issue of the construction of former version of the statute is highly unlikely to recur beyond this case and *Sobel*.  The motion for certification shall therefore be denied.

8

**V.    Motion to Strike**

Defendants finally move to strike paragraphs 16, 17, 18, 19 and 21 of the Second Amended

Complaint as irrelevant and prejudicial.  These paragraphs pertain to a task force formed in 1988

by the National Association of Attorneys General ("NAAG") to study car rental advertising and

related practices, allegedly in response to an announcement by Hertz that it intended to begin

unbundling concession recovery fees from its advertised and quoted rental car rates.  The

paragraphs further describe the Task Force's issuance of report and guidelines in 1988 and 1989,

the NAAG's approval of those guidelines in 1999, the practice of airports imposing "access fees"

on off-airport rental car companies that picked up customers at the airport (in contrast to

concession fees imposed by airports on rental car companies with on-airport locations), and the

adoption of NRS § 482.31575 in 1989 around the time that the NAAG Task Force issued its report

and other states enacted statutes regulating rental car advertising and charges.  In moving to strike

these allegations, Defendants contend that Hertz' practices in 1988 and the NAAG's concerns

about those practices are irrelevant to Defendants' practices in this case and the issue of whether

they violated § 482.31575 during the class period.

Rule 12(f) authorizes the court to strike from a pleading "any redundant, immaterial,

impertinent, or scandalous matter."  The purpose of a Rule 12(f) motion is to avoid expending time

and money litigating spurious issues.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.

1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  Matter is "immaterial" within the meaning of

the rule if it has no essential or important relationship to the claim for relief pleaded.  *Id.*  Matter is

"impertinent" if it does not pertain, and is not necessary, to the issues in question.  *Id.*  Rule 12(f)

motions are disfavored and "should not be granted unless it is clear that the matter to be stricken

could have no possible bearing on the subject matter of the litigation."  *Colaprico v. Sun*

*Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).  "[A]llegations supplying

background or historical material or other matter of an evidentiary nature will not be stricken

1  unless unduly prejudicial to defendant." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820,

2  830 (N.D. Cal. 1992).

3        Applying these standards to the present case, the court finds that the subject allegations,

4  even if unnecessary to the proof of Plaintiffs' claims for damages and equitable relief against

5  Defendants, have some bearing as historical background to the Nevada Legislature's adoption of

6  NRS § 482.31575. *See Sobel*, 2007 WL 2710725, *3 (Doc. #22, pp. 5-6) (discussing the NAAG

7  Task Force report in considering Hertz's motion to dismiss).  Furthermore, that Plaintiffs'

8  allegations might "insinuate" that Defendants have engaged in conduct they dispute does not

9  constitute undue prejudice.  The motion to strike shall therefore be denied.

10  **VI.**    **Conclusion**

11        For the foregoing reasons, the court denies Defendants' consolidated motions to dismiss

12  under Rule 12(b)(1) and (6), to certify to the Nevada Supreme Court, and to strike under Rule

13  12(f).

14        IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (#27) is DENIED.

15        IT IS SO ORDERED.

16        DATED this 10th day of September, 2012.

17  

18                                 _____

19                                  LARRY R. HICKS
                                UNITED STATES DISTRICT JUDGE

20  

21  

22  

23  

24  

25  

26