UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LYDIA LEE and CAROLYN BISSONETTE, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ENTERPRISE LEASING COMPANY-WEST, a Delaware LLC; and VANGUARD CAR RENTAL USA, LLC, a Delaware LLC,<br><br>　　　　Defendants. | 3:10-CV-00326-LRH-WGC<br><br>ORDER |

　　　Before the court are Plaintiffs' Motion for Partial Summary Judgment (#33) and Defendants' Opposition and Request for Order Allowing Discovery (#37/#41). Plaintiffs also filed a reply and opposition to the discovery request (#42), and Defendants filed a reply in support of the discovery request (#43).

　　　Plaintiffs move for partial summary judgment solely on the question of liability as to Count 1 of the Second Amended Complaint (#11), in which they allege that Defendants violated NRS § 482.31575 by quoting and charging airport concession recovery fees as unbundled surcharges on top of the base rate advertised and quoted to rental car customers at Nevada airports. In support, Plaintiffs cite this court's order granting summary judgment in favor of the plaintiffs on this same issue in *Sobel v. Hertz Corporation*, 698 F. Supp. 2d 1218, 1228-29 (D. Nev. Mar. 17, 2010) (No. 3:06-cv-545-LRH-RAM, #111, p. 19); and they submit documentary evidence to establish that

Plaintiffs were charged unbundled airport concession recovery fees by these Defendants in conjunction with car rentals in Las Vegas.

Defendants oppose the motion on the merits but alternatively request that the motion be held in abeyance or denied without prejudice under Fed. R. Civ. P. 56(d) to permit the taking of discovery on matters relevant to the motion. Such matters include, but are not limited to, the particular rental car transactions upon which Plaintiffs' motion is based. As Defendants point out, no discovery has been taken in this case. Pursuant to the parties' stipulation, as confirmed by the Magistrate Judge (#15), the Rule 26(f) conference was deferred until the resolution of Defendants' subsequently-filed Motion to Dismiss (#21)[1]. And following the filing of Plaintiffs' instant motion for partial summary judgment, Plaintiffs have apparently refused Defendants' requests to continue this motion pending limited discovery.

However strong the Plaintiffs' case may be under this court's decision in *Sobel*, and notwithstanding the fact that the instant motion is technically permissible at this early stage, the court finds that Rule 56(d) relief is warranted given the absence in this case of even basic discovery on matters fundamental to Plaintiffs' claims and their motion, including Plaintiffs' own rental car transactions. *See Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 773-74 (9th Cir. 2003) (applying former Rule 56(f)).

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Partial Summary Judgment (#33) is DENIED without prejudice, and that Defendants' Rule 56(d) Request for Discovery (#41) is GRANTED.

IT IS SO ORDERED.

DATED this 10th day of September, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] A corrected image of the motion to dismiss was filed on October 3, 2011, as document #27.