UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LYDIA LEE and CAROLYN BISSONETTE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENTERPRISE LEASING COMPANY-WEST, a Delaware LLC; and VANGUARD CAR RENTAL USA, LLC, a Delaware LLC,<br><br>Defendants. | 3:10-CV-00326-LRH-WGC<br><br>ORDER |

Before the Court is Plaintiffs Lydia Lee and Carolyn Bissonette's ("Plaintiffs") Motion for Approval of Proposed Notice, Plan for Distribution of Notice, and Setting Hearing Date for Application for Attorneys' Fees and Costs. Doc. #104.[1] Defendants Enterprise Leasing Company-West and Vanguard Car Rental USA, LLC ("Defendants") filed a Response (Doc. #107), to which Plaintiffs replied (Doc. #109).

**I.    Facts and Procedural History**

This is a class action filed on behalf of persons who rented cars at Nevada airports from Defendants. In return for the right to operate on-site at these Nevada airports, rental car companies like Defendants are required to pay a percentage of their gross revenues to the airports as

---

[1] Refers to the Court's docket entry number.

"concession fees." The companies pass along the fees to their customers as surcharges labeled "airport concession recovery fees." At all relevant times, Defendants "unbundled" the surcharges from the base rental rate, such that the rental rate quoted to customers did not include the additional "airport concession recovery fee," which was itemized separately in the rental agreement.

On June 24, 2014, the Court granted summary judgment in favor of Plaintiffs, finding that Defendants' practice of unbundling the surcharges from the base rental rate violated Nevada Revised Statute ("NRS") § 482.31575. Doc. #102. The Court further determined that Plaintiffs were entitled to restitution of any airport concession recovery fees that they paid to Defendants during the class period. *Id.* at 22-30. Finally, the Court granted class certification pursuant to Federal Rule of Civil Procedure 23. Doc. #103. Plaintiffs now move the Court to approve notice to the class.

**II. Legal Standard**

Under Federal Rule of Civil Procedure 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances." This notice must clearly and concisely state the following:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

In addition, class members must be notified of motions for attorney's fees and nontaxable costs. Fed. R. Civ. P. 23(h)(1).

**III. Discussion**

Plaintiffs propose a notice to class members nearly identical to that approved by the Court in *Sobel v. Hertz*, 3:06-cv-00545-LRH-RAM (D. Nev.) ("*Sobel*"). *See Sobel*, Doc. #362, Doc. #403. Plaintiffs also seek to provide notice to the class members in the same manner as that approved by the Court in *Sobel*. *See id.* First, Plaintiffs request that notice be sent by e-mail to class members, when known, and by first class mail to all class members whose names and

2

addresses appear in Defendants' records.  Second, Plaintiffs request that the Court require Defendants to pay the cost of notice, without requiring Plaintiffs to post a bond.  Defendants challenge Plaintiffs' proposals in both regards.  Defendants also urge that Plaintiffs' proposed notice must be modified to comply with Federal Rule of Civil Procedure 23.

### A.     The Form of Notice

In class actions certified under Rule 23(b)(3), "the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Under this "best notice practicable" standard, courts retain considerable discretion to tailor notice to the relevant circumstances: "The determination of what efforts to identify and notify are reasonable under the circumstances of the case rests in the discretion of the judge before whom the class action is pending."  3 William B. Rubenstein, Alba Conte, and Herbert B. Newberg, Newberg on Class Actions § 8:2 (4th ed. 2007) (citation omitted).  "When the names and addresses of most class members are known, notice by mail is usually preferred."  *See id*.; *see also Manual for Complex Litig.* § 21.311 (4th ed. 2004).

Here, as in *Sobel*, the Court finds that notice by first class mail in combination with email notice is the "best notice practicable under the circumstances."  In *Sobel*, the Court found that *both* email and first-class mail notice for all class members was appropriate due to the defects in each approved method of notice individually (i.e., the sophistication of email filters and the low likelihood that people open unrecognized mail, *In re Lupron Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 85 n.21 (D. Mass. 2005) (citing a study showing that 75% of direct mail is thrown away by the recipient or the recipient's "gatekeeper" without being opened)).  For the same reasons, the Court finds that *both* email and first-class mail is the best notice practicable under the circumstances here.

### B.     The Expense of Notice

Defendants argue that the totality of the circumstances here do not warrant shifting the cost of notice to the Defendants without requiring Plaintiffs to post a bond.  As the Court noted in

3

1  *Sobel*, the weight of authority appears to endorse the shifting of costs to the defendant when its
2  liability is clearly within sight.  *See, e.g.*, *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1143
3  (9th Cir. 2009) ("These district court decisions point us towards recognizing, as commentators have
4  suggested, a general principle that 'interim litigation costs, including class notice costs, may be
5  shifted to defendant after plaintiff's showing of some success on the merits, whether by preliminary
6  injunction, partial summary judgment, or other procedure.'"); *Macarz v. Transworld Sys., Inc.*, 201
7  F.R.D. 54, 58 (D. Conn. 2001) (agreeing with the plaintiff that "because liability has already been
8  determined, defendant bears the cost of notice to the class") (cited by the *Hunt* court); 3 Newberg
9  on Class Actions § 8:6 (4th ed. 2007) (cited by the *Hunt* court).  Because Defendants' liability has
10 already been determined, the Court finds that Defendants properly bear the costs of notice.

11        Moreover, the Court rejects Defendants' argument that Plaintiffs should be required to post
12 a bond in the amount of notice costs.  While the court in *Hunt* allowed that "the defendant might
13 later be entitled to recover [notice] costs," the court did not impose any such bond requirement.
14 Nor do the circumstances of this case differ from those in *Sobel* in any significant regard, such that
15 the Court would be inclined to reach a different result.  Defendants accepted the risk that they
16 might have to pay for notice when they stipulated to a schedule that called for simultaneous
17 briefing of class certification and summary judgment.  Defendants have not asserted that the cost of
18 notice would cause them extraordinary hardship.  And finally, Defendants' concern that they will
19 face difficulty in collecting reimbursement if summary judgment is reversed on appeal does not
20 outweigh the considerations favoring their paying for notice costs.  Accordingly, the Court finds
21 that Plaintiffs shall not be required to post a bond.

22        **C.     The Content of the Notice**

23        Defendants set forth nine proposed modifications to Plaintiffs' proposed notice.  Plaintiffs
24 have only one dispute with Defendants' proposed modifications.  Specifically, Defendants seek to
25 add the phrase "customers were not damaged" by Defendants' pricing practices in several places
26 throughout the notice.  *See* Doc. #107, p. 7, ¶2.  Plaintiffs, however, believe that this statement is

4

1  both unnecessary and confusing. The Court agrees. While the Court determined that Plaintiffs
2  were not damaged, they are nevertheless entitled to restitution by virtue of Defendants' violation of
3  NRS 482.31575. Because the distinction may not be understood by non-lawyer class members, the
4  Court finds that it is sufficient to merely indicate that the Court found that Plaintiffs are entitled to
5  restitution of the amount they paid in airport concession recovery fees. Accordingly, the Court
6  rejects Defendants' proposed modification in paragraph 2 of their Response. *See id.* at 7, ¶2.

7  While Plaintiffs do not raise the issue, the Court also finds that Defendants' proposed
8  modification in paragraph 1 of their Response is potentially confusing. *See id.* at 7, ¶1.
9  Specifically, Defendants propose that the description of the airport concession recovery fee be
10 revised to state that it represents a percentage of the amount charged for time and mileage. *See id.*
11 While the Court recognized that Plaintiffs are not entitled to recover any portion of the airport
12 concession recovery fee attributable to gross revenue from goods and services other than leasing
13 passenger cars, the Court does not believe that the phrase "time and mileage" is an appropriate
14 description of the same for purposes of notice to class members. Instead, the Court finds that the
15 airport concession recovery fee is more appropriately described as a percentage of the base rental
16 rate. Accordingly, the Court accepts in part and rejects in part Defendants' proposed modification
17 in paragraph 1 of their Response. *See id.* at 7, ¶1.

18 Lastly, the Court accepts Defendants' proposed modifications as set forth in paragraphs 3
19 through 9 of their Response. *See id.* at 8, ¶¶3-9. As these modifications work only minor changes
20 to the proposed notice, the parties shall have ten (10) days to submit a joint proposed notice that
21 incorporates the aforementioned modifications for final approval by the Court.

22  **D.   Scheduling Order**

23 Defendants do not object to Plaintiffs' proposed scheduling order. Accordingly, the Court
24 adopts Plaintiffs' proposed scheduling order with the following minor revisions:
25 ///
26 ///

5

| | |
|---|---|
| Submission to Court of Joint Proposed Notice | 10 days from date of entry of this order |
| Publication of Notice to Class | 90 days from date of entry of order addressing notice-content objections |
| Fee Application Deadline (including deadline for Objectors to file fee and cost applications) | 90 days from date of entry of order addressing notice-content objections |
| Deadline for Opting Out of Class and/or Objecting to Fee Application | 60 days from Notice date |
| Submission of List of Op-outs and Proposed Rule 58(d) Order Entering Summary Judgment Ruling | 15 days from opt-out deadline |
| Replies to any Objections to Fee Application | 15 days from objection deadline |
| Attorney Fee Hearing | 7 or more days following date of reply brief |
| Objections to Entry of Proposed Judgment | 21 days from proposed judgment deadline |
| Responses to Objections to Entry of Proposed Judgment | 15 days from deadline for objections |

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Approval of Proposed Notice (#104) is GRANTED in part and DENIED in part in accordance with this Order. The parties shall submit a joint proposed notice for final approval within ten (10) days of the issuance of this Order. Thereafter, the parties are authorized to make non-substantive changes to the notice, as long as they are acceptable to both parties, to reflect deadlines, mailing addresses, and similar information or to format the notice for printing.

IT IS FURTHER ORDERED that Defendants shall cooperate with Plaintiffs' counsel in the distribution of notice, including providing to a notice administrator acceptable to all parties within thirty (30) days of this order computer-readable records sufficient to provide notice to all class members. The parties are directed to cooperate in the data transfer relating to the notice. No later than ninety (90) days from the issuance of this Order, notice substantially in the form approved of by the Court shall be distributed by e-mail to those customers for whom e-mail addresses are available, and by first class mail to all members of the class who can be identified from Defendants' records. Plaintiffs' counsel shall establish a website to make available key Court

Orders in this case, and to facilitate submission of opt-out requests and address corrections.

IT IS FURTHER ORDERED that Defendants shall pay the cost of providing notice and related expenses.

IT IS FURTHER ORDERED that Berger & Montague, P.C. and Robertson, Johnson, Miller & Williamson shall serve as Class Counsel.

IT IS SO ORDERED.

DATED this 19th day of September, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE