# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

LYDIA LEE, AND CAROLYN
BISSONETTE, individually and on behalf of
all others similarly situated,

      Plaintiffs,

vs.

ENTERPRISE LEASING COMPANY-
WEST, LLC, a Delaware LLC, and
VANGUARD CAR RENTAL USA, LLC, a
Delaware LLC

      Defendants.

Case No. 3:10-cv-00326-LRH-(WGC)

**ORDER GRANTING
PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF
SETTLEMENT AND APPROVAL OF THE
FORM OF NOTICE**

WHEREAS, the Court has reviewed Plaintiffs' Motion for Preliminary Approval of Settlement, Approval of the Form of Notice, and the Memorandum in Support, including all supporting exhibits, filed on November 4, 2014 ("Plaintiffs' Motion"); and has reviewed the Settlement Agreement, and exhibits thereto (the "Settlement Agreement"); submitted with Plaintiffs' Motion (collectively, the "Settlement Documents" or the "Settlement"); and

WHEREAS, Plaintiffs having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation with Enterprise Leasing Company-West, LLC, and Vanguard Car Rental USA, Inc. (collectively, "Defendants"), in accordance with the terms and conditions set forth in the Settlement Documents for a proposed settlement of the Litigation, and for dismissal with

prejudice of the Litigation with respect to Defendants upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Documents; and,

WHEREAS, except where otherwise defined herein, all capitalized terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Upon review of the record and the Settlement Documents, the Court finds that the proposed Settlement was arrived at by arm's length negotiations by highly experienced counsel, and that the Proposed Settlement falls within the range of possible approved settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

2.      Within 60 days after the date of entry of this Order, Defendants shall cause copies of the Mailed Notice, substantially in the form attached as Ex. A-1 and A-2 to the Settlement Agreement to be mailed by e-mail and by standard mail, postage prepaid, to all members of the Class, to the extent that they can be identified with reasonable diligence.

3.      The foregoing forms of Class Notice, and the notice plan as set forth in Section 3.2 to the Settlement Agreement consisting of both e-mail and standard mail notice to all class members  and of establishment of a case-specific website are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement, in full

compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

4.      The costs of notice, of administration of the website and, as incurred, of processing of claims, shall be paid by Defendants.

5.      As described in the Class Notice, any Class member may opt out of the Class by so indicating on the case-specific website on or before 04/13/2015 or by mailing a request for exclusion to Class Counsel postmarked on or before 04/13/2015.

6.      Any Class member who does not properly and timely mail a Request for Exclusion as set forth above and in the Settlement Notice shall be included in the Class and shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such Class Member shall have objected to the Settlement and whether or not such Class Member makes a claim upon or participates in the Settlement.

7.      Within 10 days of the date hereof, Defendants shall serve the United States Department of Justice and the Attorney General of each State with the documents and information required by 28 U.S.C. § 1715(d).

8.      Class Counsel shall file their application for attorneys' fees and costs and expenses, and application for service awards for Representative Plaintiffs on or before 03/30/2015, subject to the procedures and limitations set forth in the Settlement Agreement.   As set forth in the Settlement Documents, all amounts awarded for attorneys' fees, costs and expenses shall be paid by Defendants.

9.     Class Counsel shall file their motion for final approval of the Settlement and their fee application on or before 03/30/2015.

10.     Class members' Objections to the Settlement and/or the fee application must be postmarked on or before 04/13/2015.

11.     Any reply papers in support of the Settlement and fee application must be filed on or before 04/27/2015.

12.     The Court will hold a final Fairness Hearing onTuesday, May 12, 2015, at 10 am in Courtroom 3  at the United States District Court for the District of Nevada (Reno), to consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) the fee petition and application for a service award by Plaintiffs.

13.     Any Class Member who has not submitted a Request for Exclusion may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement, the fee petition and incentive awards, or plan of allocation; provided, however, that no person shall be heard in opposition to the Settlement, the fee petition, incentive award, or plan of allocation, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless such person has delivered by hand or sent by first class mail written objections, postmarked no later than 04/13/2015, to:

Clerk of the Court
United States District Court for the District of Nevada
400 S. Virginia Street
Reno, NV 89501

with copies to Counsel of Record, as provided in the Notice.

14.     Any Class Member who does not make his or her objection in the manner and by the time provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Settlement Agreement, to the plan of distribution, or to the award of attorneys' fees and expenses to Class Counsel, unless otherwise ordered by the Court.  The manner in which a notice of objection shall be prepared, filed, and delivered shall be stated in the Class Notice.

15.     Class Members shall submit their Registration Forms no later than sixty (60) days after the Fairness Hearing.

16.     The date and time of the Fairness Hearing shall be set forth in the Class Notice, but shall be subject to change by the Court without further notice to the members of the Class other than that which may be posted at the Court, on the Court's website and the website created for the administration of the Settlement by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

17.     In the event the Settlement is not approved by the Court, or entry of a Settlement Order and Judgment provided in the Settlement Agreement does not occur for any reason, then the Settlement Agreement, and all proceedings had in connection therewith shall be null and void, except to the extent such nullification and voidance

5

would be contrary to the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Defendants and the members of the Classes.

18.    In accordance with the Settlement Agreement, neither the agreements themselves, nor any and all of the negotiations, statements, and proceedings in connection herewith, shall be construed or deemed to be evidence of an admission or concession on the part of Plaintiffs, any Defendant, any of the Releasees, any member of the Class, or any other person of the truth of any of the allegations in the Litigation and of any liability, fault or wrongdoing of any kind.

DATED this 12th day of December, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

6